UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
:
SOPHIA LOUIS,                                                       :
:
:
                          Plaintiff,                               :
:                              25-cv-8078 (LJL)
          -v-                                                      :
:                                  ORDER
UNITED CEREBRAL PALSY ASSOCIATION OF          :
NEW YORK STATE, INC.,                                    :
:
                          Defendant.                         :
                                                                          X
------------------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  06/15/2026

LEWIS J. LIMAN, United States District Judge:

The parties in this matter have reached a settlement in principle.  The case was brought

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.  Under Second Circuit law, any

settlement—including any proposed attorney's fee award—must be scrutinized by the Court to

ensure that it is fair.  *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d. Cir. 2020); *Cheeks*

*v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Accordingly, it is hereby ORDERED that, on or before **July 9, 2026**, the parties must

submit to the Court a joint letter explaining the basis for the proposed settlement and why it

should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky v.*

*Scholastic*, Inc., 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012).  The letter should address any

confidentiality provisions, non-disparagement provisions, or releases in the proposed settlement

agreement.  The letter should also address, if applicable, any attorney's fee award to plaintiff's

counsel (with documentation to support the latter, if appropriate) consistent with the principles

set forth in *Fisher*, 948 F.3d at 600.  It is not sufficient to state the proportion of the requested

attorney's fee to the overall settlement amount.  Rather, the reasonableness of attorney's fees

must be evaluated with reference to "adequate documentation supporting the attorneys' fees and

costs," which "should normally [include] contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*; *see Strauss v. Little Fish Corp.*, 2020 WL 4041511, at *9 (S.D.N.Y. July 17, 2020) (discussing the requirements for adequately justifying an attorney's fee).  Failure to provide the appropriate or sufficient documentation could result in the Court rejecting the proposed fee award.

The parties are directed to appear telephonically for a settlement fairness hearing on **July 9, 2028 at 12:00 p.m.**  Plaintiff is requested to appear at the hearing and, if necessary, with an interpreter.  The parties are directed to dial (646) 453-4442 and use the access code 358639322.

Any pending motions are DISMISSED as moot, and all conferences and deadlines are CANCELLED, including trial and pretrial deadlines.

SO ORDERED.

Dated: June 15, 2026
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

2